DOVE, J.

(No. 5091-▮▮▮▮▮▮▮▮▮)

MELVIN H. SHOOK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1969.*

CLARENCE B. DAVIS, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

BOOKWALTER, J.

Claimant, Melvin H. Shook, seeks recovery in the sum of $15,000.00 as damages for the time he unjustly served in the Illinois State Prison. He was incarcerated from February 2, 1961, to September 28, 1962.

This cause of action arises under Section 8C of the Court of Claims Act, which states as follows: "All claims against the State for time unjustly served in prisons of this State where the persons imprisoned proved their innocence of the crime for which they were imprisoned; provided, the

Court shall make no award in excess of the following amounts: for imprisonment of five years or less, not more than $15,000.00. . ."

The evidence shows that on June 9, 1958, the Phillips 66 Service Station in Sidney, Illinois, was burglarized. Mr. Clyde Walker, the operator of the station, observed an individual take two tires and flee. The minister of the Methodist Church in Sidney, Mr. Harold E. Sheriff, lived near the station, and immediately after the burglary saw a man unwrapping new tires. When this party fled, Mr. Sheriff notified the sheriff, and advised him that he could recognize the thief. Neither of these witnesses, however, were present to give testimony in this case, which means that claimant was not personally identified as the thief.

Claimant was arrested on June 10, 1958, in the St. Joseph area where he was working at the time. The arresting officer, Sheriff Everett J. Hedrick of Champaign County, had made a general investigation of the crime in the course of which he found claimant's car abandoned about one-half block from the service station. Subsequent to his arrest and in the presence of Sheriff Hedrick and Deputy Sheriff Slim Boswell, claimant signed a confession in which he admitted burglarizing the Phillips 66 Service Station. Claimant was tried *in absentia* in the Champaign Circuit Court, and upon the finding of guilty by a jury, was sentenced to an indeterminate term of not less than one year and not more than twenty years in the Illinois State Penitentiary.

Claimant's right of recovery is, of course, controlled by the Court of Claims Act. The Act states that one who feels that he has been imprisoned unjustly must prove his innocence of the crime for which he was charged in order to recover damages. It has been repeatedly held by this Court that the burden is placed on the claimant to show by a preponderance of the evidence that he was not guilty of the

"fact" of the crime. *Dirkans* vs. *State of Illinois*, Case No. 4904; *Martin* vs. *State of Illinois*, Case No. 5136. Claimant thus must show that he did not commit the act of burglary.

Claimant's only evidence put forward to sustain this burden was the fact of his release by the Supreme Court of Illinois, and his uncorroborated testimony that he did not commit the crime. The Supreme Court released claimant upon a Writ of Habeas Corpus, but did not file any opinion. This in no way proves that claimant was not guilty of the crime charged, but only indicates that his constitutional rights were violated in that he was tried *in absentia*, and was deprived of his due process of law.

The uncorroborated testimony of claimant is contradicted by the confession that he signed, which was introduced by respondent.

The law in Illinois is clear that claimant must prove his innocence in order to entitle him to an award by the Court of Claims. The burden is upon claimant to prove, by a preponderance of the evidence: (1) That the time served in prison was unjust; (2) That the act for which he was wrongfully imprisoned was not committed by him; and, (3) The amount of damages to which he is entitled. *Dirkans* vs. *State of Illinois*, Case No. 4904.

It is the opinion of this Court that claimant's evidence does not sustain his burden of proving by a preponderance of the evidence that the act for which he was wrongfully imprisoned was not committed by him. Therefore, his claim for an award against the State of Illinois in the sum of $15,000.00 is hereby denied.